**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN R. PIERSON,

    Plaintiff,

    v.

STATE OF CALIFORNIA,

    Defendant.
_____/

No. C 06-3810 PJH

**ORDER DENYING REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH PREJUDICE**

Plaintiff John R. Pierson, filed this action on June 19, 2006. Plaintiff seeks leave to proceed in forma pauperis (IFP). Because the court finds that the complaint must be dismissed under 28 U.S.C. § 1915(e)(2), the request for leave to proceed IFP is DENIED.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." In reviewing an application to proceed IFP, the court may dismiss a case sua sponte if the court determines that the party applying for IFP status has filed a frivolous action. 28 U.S.C. § 1915(e)(2); *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

For purposes of 28 U.S.C. § 1915, a frivolous claim is one that lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal on these grounds is often ordered sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints. *Id.* at 324. Where a litigant is acting pro se and the court finds the litigant's complaint frivolous

within the meaning of 28 U.S.C. § 1915(e)(2), the court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend before final dismissal, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

Here, the court finds that the complaint is frivolous within the meaning of § 1915(e), because it does not state an intelligible claim. Plaintiff has not stated a single fact in support of the claim. He alleges only that "the State of California Employment Development Department willingly committed the following crimes: Consorting with organized criminals; allowing illegals (foreign illegal aliens) to collect unemployment benefits under section/statute #470."

Moreover, he has not stated the basis for the court's jurisdiction, nor has he identified any federal statute or constitutional provision upon which he can base a claim. The Eleventh Amendment to the United States Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

Accordingly, the request to proceed IFP is DENIED, and the complaint is DISMISSED. Because the court finds that no amendment can cure the deficiencies of the complaint, the action is dismissed WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: July 13, 2006

PHYLLIS J. HAMILTON
United States District Judge

2